UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GOLDEN KRUST CARIBBEAN BAKERY, )
INC. and GOLDEN KRUST FRANCHISING, )
INC., )
                                            ) Civil Action No.: 7:25-cv-00713-NSR
                        Plaintiffs, )
               v. )
ZEHRA SHERIFF, )
                       Defendant. )

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: **2/19/2025** |

## ORDER GRANTING PRELIMINARY INJUNCTION

Upon consideration of the motion by Plaintiffs GOLDEN KRUST CARIBBEAN BAKERY, INC. ("BAKERY INC.") and GOLDEN KRUST FRANCHISING, INC. ("FRANCHISING INC."), pursuant to Fed. R. Civ. P. 65(a) for a Preliminary Injunction against Defendant ZEHRA SHERIFF ("SHERIFF") staying a certain arbitration proceeding pending determination by this Court of the issue of whether the subject employment agreement and its arbitration provision are void ab initio; and

Upon consideration of the papers submitted by the parties in support of and in opposition to that motion, and

Upon the parties, by their respective attorneys, having been heard at oral argument before this Court on February 12, 2025, and

This Court, pursuant to Fed. R. Civ. P. 65(d)(1)(A), at that hearing, having rendered its decision upon the record, a decision in which this Court found that:

    a.    The balance of hardships tips decidedly in favor of the moving party, which, in this case, is the Plaintiffs; and

      b.    There are sufficiently serious questions going to the merits to make them fair ground for litigation.

Additionally, pursuant to Fed. R. Civ. P. 65(c), this Court now finds that: Either in the now stayed arbitration proceeding or in this action, Plaintiffs' contention that the subject employment agreement and its arbitration provision are void ab initio is a threshold issue to Defendant's claim for breach of that agreement, an issue that Defendant would be obligated to litigate in either forum. Therefore, the practical effect of this preliminary injunction is solely to change the locus for litigating that threshold issue to the proper forum, and thus a nominal bond in the sum set forth below is appropriate.

Therefore, accordingly IT IS HEREBY ORDERED that the Plaintiffs' motion for a Preliminary Injunction is GRANTED; and

IT IS HEREBY FURTHER ORDERED that Defendant ZEHRA SHERIFF is hereby enjoined and restrained from proceeding with the arbitration proceeding brought by Defendant SHERIFF, as claimant, against Plaintiffs BAKERY INC. and FRANCHISING, INC., as respondents, before the American Arbitration Association, Case Number 01-24-0008-4448 (the "Arbitration Proceeding"), pending the determination before this Court of the matter of whether, as claimed in Plaintiffs' complaint, the subject employment agreement and its arbitration provision are void ab initio thus entitling Plaintiffs to permanently enjoin the Arbitration Proceeding; and

IT IS HEREBY FURTHER ORDERED that pursuant to Fed. R. Civ. P. 65(c) as a condition of the continuance of this preliminary injunction, Plaintiffs shall post a bond in the amount of $50,000 on or before February 26, 2025.

**The Clerk of Court is kindly requested to terminate the motion at ECF No. 9.**

Dated: February 19, 2025
White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

## **ATTORNEYS TO BE NOTIFIED**

**Plaintiffs**:

BARRY S. GEDAN
Attorney for Plaintiffs
17 Senate Place
Larchmont, NY 10538
914-968-0300
gedanman@gedanlaw.com

**Defendant**:

RITA LENANE-MASSEY, Esq.
Grubin Law Group, P.C.
Attorneys for Defendant Sheriff
1270 Avenue of the Americas, Floor 7
New York, NY 10020
(212) 653-0631
rlmassey@grubinlaw.com